# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### Harrisonburg Division

**KENNETH H. ADAMS**, individually and as Chairman of the
24th Senatorial District Republican Committee

and

**24TH SENATORIAL DISTRICT REPUBLICAN COMMITTEE**

Plaintiffs

v.                                                  Case No.  5:15cv00012

**JAMES B. ALCORN**, in his official capacity as
Chairman of the Virginia State Board of Elections
Serve : James B. Alcorn
        UNOS
        700 North 4th Street
        Richmond, Virginia  23219

**CLARA BELLE WHEELER**, in her official capacity as
Vice-Chairman of the Virginia State Board of Elections
Serve: Clara Belle Wheeler
        Blue Ridge Hand and Orthopaedic Clinic
        1754 Stony Point Rd.
        Charlottesville, VA  22911

**SINGLETON McALLISTER**, in her official capacity as
Secretary of the Virginia State Board of Elections
Serve: Singleton B. McAllister
        Husch Blackwell
        750 17th Street, NW, Suite 900
        Washington, D.C.  20006

and

**VIRGINIA DEPARTMENT OF ELECTIONS**
Serve:  Edgardo Cortes
        Commissioner, Virginia Department of Elections
        Washington Building
        1100 Bank St., 1st Floor
        Richmond, Virginia  23219

Defendants

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Nature of the Case

1.      This is a suit challenging the legality of Va. Code (1950) § 24.2-509 (B), as amended, also known as the Incumbent Protection Act ("the Act").  As set forth herein, the Act infringes upon the defendants' right of free association secured by the First Amendment to the Constitution of the United States of America.

### Jurisdiction and Venue

2.      This case arises under the United States Constitution and 42 U.S.C. §§1983 and 1988, as amended.  This Court has jurisdiction over the claims asserted pursuant to 42 U.S.C. § 1983, per 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  The declaratory and injunctive relief sought is authorized by 28 U.S.C. §§2201 and 2202, 42 U.S.C. §1983 and Rule 57 of the Federal Rules of Civil Procedure.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

### The Parties

3.      Plaintiff 24th Senatorial District Republican Committee ("Committee") is an unincorporated association, designated pursuant to the Plan of Organization ("the Plan") of the Republican Party of Virginia ("the Party") as a Legislative District Committee to determine the method of nomination for candidates seeking the Republican nomination for the 24th Senatorial District for the Virginia General Assembly,  The 24th Senatorial district lies entirely within the geographic boundaries of this Court.  The Committee's business address is 712 Pelham Drive, Waynesboro, Virginia 22980.   A copy of the Plan is attached hereto as **Exhibit A**, and incorporated herein.

2

4.     Plaintiff Kenneth H. Adams ("Adams") is a natural person and a resident of, and registered voter in, the independent City of Waynesboro, Virginia, located in Virginia Senate District 24.  Adams is a member and the Chairman of the Committee.

5.     Defendants James B. Alcorn, Clara Belle Wheeler and Singleton McAllister are respectively the Chairman, Vice Chairman and Secretary of the Virginia State Board of Elections ("the Board").  They are sued in their official capacities.  As officials of the Board they implement and enforce the laws of the Commonwealth of Virginia related to elections, *inter alia*, Va. Code (1950) § 24.2-500, *et seq*.  The Virginia Code grants the Board authority to make rules and regulations, issue instructions, provide information "consistent with the election laws to the electoral boards and registrars" and to take legal action to enforce those laws.  Va. Code (1950) § 24.2-103, as amended.

6.     Defendant Virginia Department of Elections is an agency of the Commonwealth of Virginia.  The Department of Elections is responsible for, and conducts, the State Board of Elections' administrative and programmatic operations and discharges the duties of the State Board of Elections, consistent with delegated authority.

<u>Facts</u>

7.     The First Amendment to the Constitution of the United States of America, made applicable to the States by the Fourteenth Amendment, reads as follows:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances.

8.     The First Amendment protects "the freedom to join together in furtherance of common political beliefs." *Tashijan v. Republican Party of Connecticut*, 479 U.S. 208, 214, 107

3

S. Ct. 544, 93 L. Ed. 514 (1986).  As such, the Court has "vigorously affirm[ed] the special place

the First Amendment reserves for, and for the special protection it accords, the process by which

a political party 'select[s] a standard bearer who best represents the party's ideologies and

preferences.'"  *California Democratic Party v. Jones*, 530 U.S. 567, 575, 120 S. Ct. 2402, 147 L.

Ed. 2d 502 (2000).

     9.     As the Supreme Court of the United States held in *Democratic Party of the United*

*States v. Wisconsin*, 450 U.S. 107, 122, 101 S. Ct. 1010, 67 L. Ed. 2d 82 (1981), "Freedom of

association would prove an empty guarantee if associations could not limit control of their

decisions to those who share the interests and persuasions that underlie the association's being."

     10.     The right commonly known as "the right of free association" is an expression of

"the right of the people peaceably to assemble" and the right of free association includes the right

to *not* associate, as well.  See *California Democratic Party of the United States*, 530 U.S. at 574.

     11.     Notwithstanding these basic Constitutional protections, Va. Code (1950) § 24.2-

509 provides as follows:

     A.     The duly constituted authorities of the state political party shall have the right to determine the method by which a party nomination for a member of the United States Senate or for any statewide office shall be made.  The duly constituted authorities of the political party for the district, county, city or town in which any other office is to be filled shall have the right to determine the method by which a party nomination for that office shall be made.

     B.     Notwithstanding subsection A, the following provisions shall apply to the determination of the method of making party nominations. *A party shall nominate its candidate for election for a General Assembly district where there is only one incumbent of that party for the district by the method designated by that incumbent, or absent any designation by him by the method of nomination determined by the party.* A party shall nominate its candidates for election for a General Assembly district where there is more than one incumbent of that party for the district by a primary unless all the incumbents consent to a different method of nomination.  A party, whose candidate at the immediately preceding election for a particular office other than the General Assembly

(I) was nominated by a primary or filed for a primary but was not opposed and (ii) was elected at the General Election, shall nominate a candidate for the next election for that office by a primary unless all incumbents of that party for the next office consent to a different method.

When, under any of the foregoing provisions, no incumbents offer as candidates for reelection to the same office, the method of nomination shall be determined by the political party.

For the purposes of this subsection, any officeholder who offers for reelection to the same office shall be deemed an incumbent notwithstanding that the district which he represents differs in part for which he offers for election.

(Emphasis supplied.)

12.     As the United States Court of Appeals for the Fourth Circuit stated in *Miller v. Brown*, 503 F.3d 360, 369 (4th Cir. 2007), "[t]he language and structure of § 24.2-509 make clear that, at least for purposes of selecting a nomination method, Virginia does not view the incumbent legislator as a representative of the party."  The Act therefore purports to prevent political parties from determining their own nomination method under circumstances in which "there is only one incumbent of that party for the district."

13.     The Plan delegates the authority of the Party to determine the means of nomination for candidates for the Virginia State Senate to the Legislative District Committee, which "shall determine whether candidates for Legislative District public office shall be nominated by Mass Meeting, Party Canvas, Convention or Primary, where permitted to do so under Virginia Law." (Article V, § D.)

14.     On December 3, 2014 the Committee, meeting in Elkton, Virginia, adopted a resolution designating a convention as the means of nomination for Virginia Senate District 24 for 2015.

15.     On or about December 4, 2014 Adams, on behalf of the Committee, wrote to

5

Charles Judd, then Chairman of the State board of Elections, and designated a convention as the means of nomination for District 24 for 2015. Adams delivered that designation, along with explanatory correspondence dated December 4, 2014 by Adams' counsel, to the Board at its offices. See **Exhibits B and C**, attached hereto and incorporated herein.

16.     On February 24, 2015, Emmett Hanger ("Hanger"), the only incumbent Senator in the 24th Senatorial District of Virginia, provided Adams, at his home in Waynesboro, Virginia, with his written designation of a primary as the method of nomination for the 2015 election cycle pursuant to the Act. Hanger further provided a copy of that designation to the Department of Elections and the Board on that date. Copies of Hanger's letter to Adams, and the Board of Elections form designation submitted by Hanger, are attached collectively as **Exhibit D**.

17.     Va. Code (1950) § 24.2-516, as amended, states as follows:

Each political party within the Commonwealth shall furnish to the State Board the names and addresses of its state, county, and city party chairmen in January of each year, and during the remainder of the year it shall notify the Board of any changes in such names and addresses.

At least 135 days prior to the regular date for a primary, the Board shall inquire of each state chairman and each county and city chairman whether a direct primary has been adopted. The Board shall advise each chairman that ***notification to the Board of the adoption of a direct primary is required*** and must be filed with the Board not more than 125 days and not less than 105 days before the date set for the primaries.

***Each chairman shall file timely written notice with the Board whether or not a primary has been adopted*** and identify each office for which a primary has been adopted. The requirement to notify the Board of the adoption of a direct primary shall be satisfied when the Board receives by the deadline (I) written notice from the appropriate party chairman or (ii) a copy of the written notice from an incumbent officeholder to his party chairman of the incumbent's selection, pursuant to § 24.2-509, of the primary as the method of nomination.

(Emphasis supplied.)

18.    Va. Code (1950) § 24.2-527, as amended, states as follows:

A.    It shall be the duty of the chairman or chairmen of the several committees of the respective parties to *furnish the name of any candidate for nomination for any office to be elected by the qualified voters of the Commonwealth at large* or of a congressional district or of a General Assembly district to the State Board, and to furnish the name of any candidate for any other office to the State Board and to the electoral boards charged with the duty of preparing and printing the primary ballots. In furnishing the name of any such candidate, the chairman shall certify that a review of the filed candidate petitions found the required minimum number of signatures of qualified voters for that office to have been met. The chairman shall also certify the order and date and time of filing for purposes of printing the ballots as prescribed in § 24.2-528, provided that the State Board shall determine the order and date and time of filing for candidates for United States Senator, Governor, Lieutenant Governor, and Attorney General for such purposes. Each chairman shall comply with the provisions of this section not less than 70 days before the primary.

B.    In no case shall the individual who is a candidate for an office be the person who certifies the names of candidates for a primary for that same office. In such case the party shall designate an alternate official to certify the candidates.

(Emphasis supplied.)

19.    Va. Code (1950) §§ 24.2-516 and 24.2-527 purport to obligate Adams, as Chairman of the Committee, to certify that a primary has been selected as the manner of determining the Republican nominee for Senate District 24, in contravention of the terms of the Plan and, therefore, the associative rights of Adams, the Committee and the Party. As a result of this deprivation of constitutionally protected rights, Plaintiffs will suffer immediate and irreparable injury.

20.    In enforcing the Act, Defendants Alcorn, Wheeler and McAllister, as officers of the Board, and the Department of Elections, all act under color of state law with respect to Plaintiffs in a manner violative of the First Amendment, and the plaintiffs are therefore entitled to relief pursuant to 42 U.S.C. § 1983.

7

<u>Cause of Action: First and Fourteenth Amendments</u>

21.    All of the aforestated paragraphs are fully incorporated herein.

22.    The Act contravenes the rights of Adams, the Committee and the Party to free association as secured by the First and Fourteenth Amendments to the Constitution by determining the method by which nominees are choses in contravention of the terms of the Plan.

23.    The Act neither advances a compelling state interest nor is narrowly tailored to serve that interest.

24.    Hanger has designated a primary, contrary to the designation by the Committee of a convention, and his designation has been accepted by the Board, as evidenced by the "2015 Methods of Nomination" published by the Board, a copy of which is attached as **Exhibit E**. Accordingly, this is an immediately justiciable controversy between the parties susceptible of resolution by declaratory relief pursuant to 28 U.S.C. § 2201.

25.    This controversy is in need of immediate resolution because the method of nomination chosen by Hanger (primary) pursuant to the Act, and the method of nomination chosen by the Committee (convention) pursuant to the Plan, are mutually exclusive. Absent prompt action by the Court the general public and the declared candidates will be uncertain as to which nomination method will determine the Party's nominee for Senate District 24.

26.    The defendants' refusal to recognize and implement the decision of the Committee regarding the method of nomination for the Republican candidate for Senate District 24, made pursuant to the Plan, violates the First and Fourteenth Amendments to the Constitution of the United States of America.

27.     By maintaining, implementing and/or enforcing the Act, Defendants are propagating customs, policies and practices that violate the plaintiffs' rights of free association under the First and Fourteenth Amendments to the Constitution of the United States of America.

28.     Defendants' violation of the First and Fourteenth Amendments is actionable under 42 U.S.C. §1983.

<u>Jury Trial Demanded</u>

29.     Plaintiffs Kenneth H. Adams and the 24th Senatorial District Republican Committee request a trial by jury.

<u>Relief Requested</u>

WHEREFORE, Plaintiffs Kenneth H. Adams and the 24th Senatorial District Republican Committee respectfully request that:

A.     The Court declare pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 1983 that Va. Code (1950) § 24.2-509 (B) is an unconstitutional violation of the First and Fourteenth Amendments to the Constitution of the United States.

B.     The Court grant them such further relief pursuant to 28 U.S.C. § 2202 as may be necessary to effectuate the declaratory judgment issued by this Court;

C.     The Court issue a preliminary and thereafter a permanent injunction prohibiting Defendants from implementing a primary election to determine the Republican nomination for Virginia Senate District 24 for the 2015 general election cycle;

D.     That the Court declare that the Republican nomination for Virginia Senate District 24 for the 2015 general election cycle shall be determined by a convention;

E.      The Court make all further orders just, necessary and proper to ensure complete fulfilment of this Court's declaratory and injunctive orders in this case;

F.      The Court issue an order requiring the defendants to pay plaintiff's costs, expenses and reasonable attorney's fees incurred in the prosecution of this action, as authorized by 42 U.S.C. § 1988; and

G.      The Court grant such other and further relief as is appropriate and just.

Respectfully Submitted,

**KENNETH H. ADAMS**, individually and as Chairman of the 24th Senatorial District Republican Committee

**24TH SENATORIAL DISTRICT REPUBLICAN COMMITTEE**

By Counsel

s/ John C. Wirth
John C. Wirth (VSB No. 37334)

Nelson, McPherson, Summers & Santos, L.C.
12 N. New St.
Staunton, VA 24401
Telephone: 540-885-0346
Facsimile: 540-885-2039
Email: johnwirth@nmsslc.com

And

s/ Thomas E. Ullrich
Thomas E. Ullrich (VSB No. 28737)
Jeffrey R. Adams (VSB No. 43411)

Wharton, Aldhizer & Weaver, PLC
125 S. Augusta St.
Staunton, VA 24401
Telephone: 540-885-0199
Facsimile: 540-213-0390
Email: jadams@wawlaw.com
Email: tullrich@wawlaw.com

Counsel for Plaintiffs

VERIFICATION

I, Kenneth H. Adams declare under penalty of perjury that I am a Member and Chairman of the 24th Senatorial District Republican Committee, that I have read the foregoing Verified Complaint and know the contents thereof and that the same are true to the best of my knowledge, information and belief.

_Kenneth H. Adams_
KENNETH H. ADAMS

STATE OF VIRGINIA
CITY/~~COUNTY~~ OF _Harrisonburg_

This day personally appeared before me, _Kenneth H. Adams_, whose name is signed to the foregoing writing, and who, being first duly sworn, upon his oath states that the foregoing writing is true to the best of his knowledge and belief.

Given under my hand this _25th_ day of _February_, 2015.

_Cynthia P. Holsinger_
Notary Public

My commission expires: _July 31, 2016_.

My Registration No: _167105_.

R:\DOCS\999999\TEU\15002699.DOCX

12