IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

Harrisonburg Division

| | |
|---|---|
| KENNETH H. ADAMS, et al. | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 5:15cv00012 |
| JAMES B. ALCORN, et al. | ) ) ) |
| Defendants. | ) ) |

**STATE SENATOR EMMETT W. HANGER, JR.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

Virginia State Senator Emmett W. Hanger, Jr. ("Sen. Hanger") has moved the Court to dismiss this case for lack of subject matter jurisdiction and for failure to state a claim. In support of his motion, Sen. Hanger submits this Reply Brief.

**1.     If Plaintiffs Truly Believed That Section 509(B) Is Unconstitutional, They Should Have Sought To Amend The RPV Party Plan.**

Article V of the RPV Party Plan authorizes Plaintiffs to "determine whether candidates for Legislative District public office shall be nominated by Mass Meeting, Party Canvass, Convention or Primary, where permitted to do so under Virginia law." As argued by the Commonwealth Defendants on briefs and at oral argument in this matter, the only plausible interpretation of this provision—coming as it does in Article V of the Party Plan, and only in Article V of the Party Plan—is that it very intentionally incorporates into the Party Plan Section 509(B)'s provision for selection of nomination method by incumbent state legislators.

Plaintiffs, however, now contend that Section 509(B) is unconstitutional and that it is thus no law at all—that is, because Section 509(B) is unconstitutional, there is nothing there to

incorporate into the Party Plan.  This argument fails for two reasons.  First, RPV voluntarily could impose upon Plaintiffs some limitations in the exercise of their plan rights which, if imposed by the government, might be unconstitutional.  Second, if Plaintiffs truly believed that Section 509(B) was unconstitutional, they should have endeavored to have RPV amend the Party Plan to remove it.  They did not do so, however, and now the plain language and meaning of the Party Plan stands between Plaintiffs and the statute they complain of.  Their failure is fatal to the claim—they cannot show causation—and so the Court should dismiss the case pursuant to Rule 12(b)(1) for lack of standing.

2.  **Because Section 509(B) Does Not Burden Plaintiffs' Associational Rights Severely, If At All, Virginia's Regulatory Interests In Election Administration Are Sufficient Justification For Section 509(B).**

Senator Hanger maintains that Section 509(B) does not burden Plaintiff's freedom of association at all, because the Party Plan—not Section 509(B) or Sen. Hanger's selection of the nomination method made pursuant to it—establishes the universe of voters who are eligible to participate in RPV's nominating events.  Under the Party Plan, the universe of voters who are eligible to participate in the June 9 Primary is exactly the same as the universe of voters who would be eligible to participate in a convention.  Because Section 509(B) does not burden Plaintiffs' associational rights, no state interest is necessary to support it.

Of course, attempting to manufacture a burden, Plaintiffs have stated repeatedly that their case is not about a primary versus a convention.  Rather, they claim, Section 509(B) "overrides the internal processes of the Party that authorize Plaintiffs to select the method of nomination" and thus "severely burdens" their right to associate. (Pl.'s Mem. in Opp. to Defs' Mot. to Dismiss at 4.)

There are several flaws with Plaintiffs' argument.  First, on the facts of this case, Plaintiffs have no right to select the nomination method under the Party Plan or Virginia law, and they have

2

no such right under federal law or the United States Constitution in any circumstance—certainly not one sufficient to overcome the government's regulatory interests in election administration. Plaintiffs confuse the question of how a decision is made with the question of whether the decision is theirs to make in the first instance. Indeed, under *California Democratic Party*, Virginia could force Plaintiffs to nominate all of their candidates via primary, thereby depriving Plaintiffs of any say whatsoever in the matter. *California Democratic Party v. Jones*, 530 U.S. 567, 572 (2000) ("We have considered it ***'too plain for argument'*** . . . that a State may require parties to use the primary format for selecting their nominees, in order to assure that intraparty competition is resolved in a democratic fashion." (emphasis added)); *see also* Va. Const. art. II, § 4, cl. 1 (granting the General Assembly—not Plaintiffs—the authority to "provide for the nomination of candidates," to "regulate the time, place, manner, conduct and administration of primary . . . elections," and to "make any other law regulating elections not inconsistent with this constitution").

Second, assuming for the sake of argument only that Plaintiffs have an associational right at stake in the selection of the nominating method on the facts of this case—in which the method of nomination does not alter the composition of the eligible electorate by a single voter—and assuming that Section 509(B) infringes on that right, any resulting burden is not severe. As just noted—and as admitted by Plaintiffs in oral argument in this case—Section 509(B) does not alter the universe of voters who are eligible to participate in the nominating event at issue, whether it is a primary or a convention. *Cf. Democratic Party of Wisconsin*, 450 U.S. 107 (1981), *Tashjian v. Republican Party of Connecticut*, 479 U.S. 208 (1986), *Miller v. Brown*, 503 F.3d 360 (4th Cir. 2007). It also does not bar a party from endorsing candidates or selecting certain individuals as its leaders. *Cf. Eu v. San Francisco County Democratic Central Committee*, 489 U.S. 214 (1989).

3

At bottom, Section 509(B) is classic time, place and manner regulation of elections, rooted in the Virginia Constitution's grant of authority to the General Assembly to "provide for the nomination of candidates," Va. Const. art. II, § 4, cl. 1, and justified by Virginia's regulatory interests in the administration of elections. *Clingman v. Beaver*, 544 U.S. 581, 592 (2005). Those interests include, but are not limited to, the resolution of intraparty competition in a democratic fashion, *California Democratic Party*, 530 U.S. at 572, as well as the preservation of parties as "viable and identifiable interest groups" and the promotion of "party-building efforts." *Clingman*, 544 U. S. at 594. Section 509(B) serves all of those interests in this case.

For these reasons, the Court should dismiss the case pursuant to Rule 12(b)(6) for failure to state a claim.

EMMETT W. HANGER, JR.

By _____
Counsel

Chris Ashby (VSB # 46618)
Ashby Law PLLC
717 Princess Street
Alexandria, Virginia 22314

P: (202) 281-5463
F: (571) 257-0926
E: Chris@Ashby-Law.com

**Certificate of Service**

    I certify that on March 30, 2015, I sent a copy of this Reply Brief in Support of Motion to Dismiss via the Court's electronic filing system to each of the parties representatives at the e-mail addresses noted below:

    John C. Wirth, Esq.
    Nelson, McPherson, Summers and Santos, L.C.
    12 New Street
    Staunton, Virginia 24401
    JohnWirth@NMSSLC.com

    Thomas E. Ullrich, Esq.
    Jeffrey R. Adams, Esq.
    Wharton, Aldhizer and Weaver, PLC
    125 South Augusta Street
    Staunton, Virginia 24401
    TUllrich@WAWLaw.com
    JAdams@WAWLaw.com

        *Counsel for Plaintiffs*

    Rick Boyer, Esq.
    Boyer Law Firm, PLLC
    Post Office Box 10953
    Lynchburg, Virginia 24506
    RickBoyerLaw@GMail.com

        *Counsel for Intervenor-Plaintiff, Daniel Moxley*

    Joshua D. Heslinga, Esq.
    Office of the Attorney General
    900 East Main Street
    Richmond, Virginia 23219
    JHeslinga@OAG.state.va.us

        *Counsel for Defendants*